IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

    Plaintiff,

v.

LEWIS INGRAM and All Others,

    Defendants.

CIVIL ACTION NO.
1:11-CV-03802-TWT-LTW

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

This Court has a duty to inquire into its own subject matter jurisdiction *sua sponte* whenever it may be lacking. Based on that inquiry and for the reasons outlined below, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Gwinnett County, State of Georgia because this Court lacks subject matter jurisdiction.

## PROCEDURAL BACKGROUND FACTS

In October 2011, pursuant to Georgia law, Plaintiff Federal National Mortgage Association (hereinafter "FNMA") filed a dispossessory proceeding in the Magistrate Court of Gwinnett County in an attempt to evict Defendants Lewis Ingram and all others from their home after a foreclosure sale. (Docket Entry [1], p. 6). Defendant Lewis Ingram removed the matter to this Court on November 4, 2011. (Docket Entry [1]). Mr. Ingram does not explain the basis for removal jurisdiction within his Notice of Removal.

Instead, Mr. Ingram alleges that FNMA and Bank of America lied to him and deceived him into not filing for bankruptcy to protect his home from foreclosure because they orally agreed to a modification of his mortgage loan, but later foreclosed upon his home.

## LEGAL ANALYSIS

It is this Court's duty to inquire into its subject matter jurisdiction *sua sponte* whenever it may be lacking. Hernandez v. Att'y Gen., 513 F.3d 1336, 1339 (11th Cir. 2008). Title twenty-eight, section 1441(a) of the United States Code provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction of civil cases that present a federal question or that involve citizens of different states and exceed the $75,000.00 amount in controversy threshold. See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332(a)(1) (diversity jurisdiction for citizens of different states). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

"The presence or absence of federal-question jurisdiction is governed by the

'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted). Potential defenses and counterclaims involving the Constitution or laws of the United States are ignored. Vaden v. Discover Bank, 556 U.S. 49, ---, 129 S.Ct. 1262, 1272 (2009); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

In the present case, FNMA relied exclusively on state law when it filed a dispossessory proceeding in the Magistrate Court of Gwinnett County. (Docket Entry [1], p. 6). No federal question is presented on the face of FNMA's Complaint. There is also no evidence that warrants the application of an exception to the well-pleaded complaint rule such as the doctrine of complete preemption. Caterpillar, 482 U.S. at 393. Jurisdiction over the initiation and trial of a dispossessory action filed in Georgia lies entirely in the state court system. O.C.G.A. § 44-7-49, et seq. Even if this Court could consider defenses and counterclaims in its jurisdictional analysis, federal question jurisdiction would still be lacking here as the allegations in Defendant's Notice of Removal do not appear to present a federal question.

Additionally, even if the parties were diverse, removal would not be proper because FNMA's Complaint does not satisfy the amount in controversy requirement. FNMA's claim is nothing more than a request for possession of real property belonging

to FNMA. (Docket Entry [1], p. 6). A claim seeking ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy. CitiMortgage, Inc. v. Shinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd 35 F. App'x 858 (11th Cir. 2002). For these reasons, this Court finds that federal subject matter jurisdiction does not exist. Accordingly, the undersigned **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Gwinnett County.

## CONCLUSION

For the foregoing reasons, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Gwinnett County, State of Georgia. As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**IT IS SO REPORTED AND RECOMMENDED,** this 30th day of November, 2011.

s/Linda T. Walker<br>
LINDA T. WALKER<br>
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

    Plaintiff,

v.

LEWIS INGRAM and All Others,

    Defendants.

CIVIL ACTION NO.
1:11-CV-03802-TWT-LTW

## **ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and this Court's Local Rule 72.1C. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation **within fourteen (14) days of the receipt of this Order**. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted

as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983), cert. denied 464 U.S. 1050 (1984).

The Clerk is directed to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**SO ORDERED**, this 30th day of November, 2011.

s/Linda T. Walker<br>
LINDA T. WALKER<br>
UNITED STATES MAGISTRATE JUDGE